**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-7120**

─────────────

MICHAEL PALMER,

       Plaintiff – Appellant,

v.

WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION; C.O.
RICHARD BLAKE,

       Defendants – Appellees,

and

C.O. MARSHALL CLERE,

       Defendant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at
Charleston.  Thomas E. Johnston, District Judge.  (2:22-cv-00347)

─────────────

Submitted:  May 30, 2024                                    Decided:  October 9, 2024

─────────────

Before AGEE, RICHARDSON and HEYTENS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Paul M. Stroebel, STROEBEL & STROEBEL, PLLC, Charleston, West Virginia, for Appellant.  William E. Murray, John P. Fuller, Adam K. Strider, Jaden P. Rhea, BAILEY & WYANT, PLLC, Charleston, West Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Palmer, a West Virginia state prisoner, appeals from the district court's grant of summary judgment to Defendants West Virginia Division of Corrections and Rehabilitation and correctional officer Richard Blake on his claims that Defendants did not do enough to prevent the beating. He argues that the district court erred in (1) granting summary judgment to Blake on his Eighth Amendment failure-to-protect claim on the basis of qualified immunity; and (2) granting summary judgment to Defendants on his West Virginia law outrage claim.

We have reviewed the record and find no reversible error.

Nonetheless, we note that the district court incorrectly granted summary judgment on Palmer's failure-to-protect claim based *only* on Palmer's purported concession that Blake was entitled to qualified immunity. A non-moving party's failure to respond to a summary judgment motion—or a specific argument therein—does not relieve a district court of its duty to consider if the moving party is entitled to judgment as a matter of law. *See Custer v. Pan Am. Life Ins.*, 12 F.3d 410, 416 (4th Cir. 1993). Whether an officer is entitled to qualified immunity on an uncontested record is a legal question. *Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2005). When granting summary judgment based on qualified immunity, therefore, a district court must consider the propriety of that argument even if that argument is unopposed.

Regardless, we are entitled to affirm the district court on any basis that appears in the record. *See Hodgin v. UTC Fire & Sec. Ams. Corp.*, 885 F.3d 243, 251 n.3 (4th Cir.

3

2018). Finding ample bases in the record to do so, we agree with the district court's end result.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*